Mr. Patel. Good morning and may it please the court my name is Vinesh Patel and I represent the petitioner Dany Pena Oseguera. The petitioner is the son of a Honduran police officer who blew the whistle on other officers who are corrupted by a gang. That gang then turned its animosity against the mother towards the entire family. As the expert explained the animosity generalized to the family as a group and for that reason the petitioner was selected for persecution. There's one issue in this case and that is nexus. The question is whether Dany's family ties were a central reason to his persecution. Not the central reason but one central reason for his persecution. Or as the question about whether family ties are a protected class. I saw the notice from DOJ. It sounds like that might be reconsidered by the Attorney General. Yes your honor. In matter of LEA it does appear they're taking that question into consideration but not in this case your honor because the board did state in its opinion that Dany's family was properly set forth or it's assumed that it's properly set forth for the purposes of this case as a particular family. As a particular social group. So the question is really about nexus and we ask this court to reverse the BIA. What is the argument that you're making though if a police officer had ten members of the family and the police officer is targeted. Does that include all of his other family? Or because there's one additional person here that has been targeted. Is evidence that the family is the group that was targeted. In this case what is your argument? Pardon me your honor. You're asking are all ten family members included in the group? Well in this case we're arguing that the particularity of the social group will depend on the facts in the case. And that was taken for granted by the board that his family, his nuclear family was a particular social group. Well I mean the nuclear family but what are the, I thought it was defined in terms of biological or historical or other facts that relate to it as to whether it actually was a member of a particular social group. Yes your honor. And if it's just criminality, if the criminal is just trying to protect his criminal enterprise, are you contending that that as well would be a protected family, the family would be a protected unit? You're asking if the gang is concerned with continuing its criminal enterprise, is the family a protected unit? I understand that. I'm just asking, I'm trying to grasp what your argument is. The argument is that he was... Go ahead and answer the question. If I'm understanding you correctly, you're asking whether any family members of a police officer would be considered a protected group. Is that correct? Well I'm asking that among other things, yes. I think it depends on the facts and evidence in the case. It depends on the persecutor's view of that group. Okay and why, tell us why yours fits in it and others would not. Well in this case it fits in because the expert testimony was that Danny was persecuted based on his family ties. How do we know that? How did he know that? He knows that based on his extensive experience with gangs and understanding their motivations. But I thought it was a factual question and his expert testimony would translate into any other case then, is that correct? No Your Honor, it was based on the facts in the record. What were those facts? Well the facts were that for one, Danny himself didn't impede any sort of operation of the gang. I thought he did. But that was sort of a red herring in the record, Your Honor, because the expert and even the immigration judge concluded that the threat to Danny didn't come from his refusing to accept a job. That wasn't independent. The expert and the IJ actually concluded that those threats arose from the conduct of the mother in that case. So the expert himself concluded that the risk to Danny grew out of what his mother had done. But then it developed a life of its own. And so in Danny's case. So if the mother was targeted because of the criminal enterprise and not wanting to be exposed, would she have a claim based on family status? Well in her case, the particular social group alleged was not her family group. Political opinion? It was alleged to be imputed political opinion in a separate case. But in our case, importantly. You didn't answer Judge Costa's question. Yes, Your Honor, you're asking what would be her. Was she protected as a family member herself? Was she part of the protected group? In her case, she is part of the protected group. But we wouldn't be able to establish in her case. That's not what caused her fear. Yes, Your Honor. Well, you're saying it's the relative though. If the relative under the facts is targeted because of the relationship with that other family member, you don't impute the criminal motive of the first targeting to why the family member is being targeted. Yes, Your Honor. It doesn't dispose of the question. Just looking at how the threats began doesn't dispose of the question of the motivation for harming the family. And in this case, again, Danny himself was not a police officer. His father was a police officer. But his father, his life became in danger even after the mother left the country, even after she resigned from the police force because the family had an X on its back according to the evidence in the record. What evidence is that? Excuse me. Go ahead. I was going to say, but the threat in this case is the threat that was conveyed to the mother. If we put aside what your answer to the question to Judge Jolly was about the threat after he was offered a job by the gang, if we put that aside, then what we're talking about here is the threat that was conveyed to the mother against her family. Isn't that what you're relying on as a matter of fact? Primarily, these may have been conveyed, Your Honor, to the mother, but the threat specifically referenced killing the family. Danny, okay, what's the best way to distinguish between a central reason for a gang's targeting and an incidental reason? What would be a good test for us to apply to distinguish between a central and an incidental reason? That's a great question, Your Honor. We believe that the test is a threshold test. It's not a balancing test of motives. The immigration judge said, look, the criminal enterprise profits is the primary motivation in this case. It's the overriding motivation. And the board said, that's not the test. We don't look for the dominant motive. The board said that in matter of JVN, that to look at the dominant motive is to run afoul of congressional intent, and it's to render all other reasons secondary and therefore irrelevant. The correct approach is to look at whether it meets a threshold. Is it minor or superficial, or is it not? And that doesn't require a weighing of reasons. It doesn't require a hierarchy of motives. The word central has to be one central reason? At least one central reason. And in the committee report for the Real ID Act, where they inserted the language at least one central reason, they used the words incidental and tangential. Now, the board took the word incidental and used it. Well, how do you reconcile an incidental reason as a central reason? Those two words have different meanings. Yes, Your Honor, but the board itself and the board's decision in JVN was adopted in shake by this court. The board defined it negatively. They said it's simply a reason that's not incidental and not tangential, meaning that it has some significance, but it doesn't have to rise to the level of being the dominant motive or the primary motive. You're not saying central is incidental. I think that's the confusion. Central has to be more than incidental. Yes, we're saying that it has to be not incidental or not minor or not superficial, but we can't do what the government— Primary means only one, I guess, but one of—it has to be a substantial motivating factor. Yes, we would agree with that. We would agree that it has to be important in some sense of the word, but what the immigration— Important in some sense of the word. What does that mean? We would contend that according to the matter of JVN, which was adopted by the circuit, it simply means not minor and not superficial. Anything that is not minor and not superficial is central? We would contend that's the interpretation adopted by this circuit when it adopted matter of JVN. It really just laid out a test in the negative. Is it not incidental? Is it not tangential? That's getting away from the statute a little bit, isn't it? It's an interpretation of the statute that we would consider reasonable, and that's the last word that this circuit has had on it. Does this case implicate all those questions about how important Central has to be? I take it your argument is the main reason is he was targeted is because of his relationship with his mother, given that the IJ did not think the job offer was significant. Yes, Your Honor. I don't think that this case before us asked us to define exactly how important the reason has to be. If we look at this record, even the immigration judge concluded that a big part of why Danny was targeted was his relationship to his mother. And there is evidence of independent animosity against the family. When the expert was asked, why would they want to harm Danny, he didn't say anything about crime or money. His first response was that the animosity against the mother generalized to that of the family. But in addition to that, you look at the facts that Danny himself wasn't involved in the police force. The father wasn't targeted until the mother had resigned her post. Let me ask you, speaking of the mother, there's a remark about asylum being based upon the mother. It's a predicate that his mother had to be eligible as well. Do you agree with that statement out of the IJ's report? No, Your Honor. Even the board disagreed with that statement but went on to find without any analysis that his nexus conclusions were not clearly erroneous. But even the board disagreed with that, that he's not a derivative in this case. He's a principal asylum applicant and gets to independently establish nexus. Do you believe there's any other central reason since the statutes 1158B seems to suggest that at least one central reason there could be more. Are you arguing any other central reason in this case? We think that the profit motive of the gang could be construed as one central reason. But I want to turn your attention, as Judge Costa was alluding to, we're not asking this case to define how important something has to be to be a central reason. I think it's enough to look at some other cases like Ramirez-Mejia where the circuit didn't find a nexus to a particular social group and contrast the record. In that case, the court concluded that a sister was targeted because she had information about her brother. In Nicholas Brandy, which was cited by the government, they went after a family because the family had money. What in this case could Danny have given away to avoid persecution? The trait for which he was selected was his family membership. And we talked about the board's interpretation of the legal standard that doesn't allow us to weigh motives one against the other. If we were to agree with you that there's some problem with what happened below, what are you asking us to do? Remand for renewed fact findings on whether family status was a central reason or what? No, Your Honor, we're asking this court to reverse the determination of the board on nexus. We believe there's substantial evidence in the record based on the expert's testimony regarding animosity, regarding the fact that Danny wasn't involved in impeding the operations of the Chirissos, the fact that the father was targeted. Even as a police officer, the real threats to the father happened even after the mother left the country because he had a big red axe. The family had a big red axe on its back. So we're arguing that there is substantial evidence to reverse the factual determination on nexus when you apply the correct legal standard. He was granted relief under the Convention Against Torture, which is quite rare. But I guess the difference is, well, he can still be deported just to another country under that, and he doesn't have status. That's correct, and he doesn't have permanent relief. The government could reopen the case based on changed circumstances. Are people normally deported to different countries? It doesn't happen often. It usually happens when somebody becomes a criminal priority for immigration to then reevaluate the country conditions. It doesn't normally happen. I'm out of time at this point. I'd like to reserve the rest of our time for rebuttal. You have five minutes for rebuttal. Thank you, sir. Good morning, Your Honors. My name is Linda Doe, and I represent the respondent, the United States Attorney General. Here, the record evidence shows that the primary motive behind the gang member's threats to Petitioner and his family were primarily motivated by criminal enterprise and financial gain. It is not based on persecution of the Petitioner due to his underlying family relationship. Here, Petitioner submitted evidence— I mean, I think that's clear for why they targeted the mother, but then is it a separate inquiry for why they picked out her son? Your Honors, he submitted evidence showing that family members tend to be a means by which to terrorize the individual that poses a threat to their enterprise. It was supported by his expert testimony as well as articles he had submitted. To the extent that Petitioner claims that his family status is the basis in this instance, he's further submitted a declaration from his uncle who described his encounters with corrupt police officers in 2014 and 2015. It's at the record on page 434. And the uncle indicated that these police officers had approached him to inquire whether he was acting on behalf of Inspector Sylvia Oseguera and whether she was in the United States. Petitioner's uncle made no allegation that he had been harmed or threatened with harm on account of his relationship to his sister. Why are we talking about not just the relationship, a specific reference to him? You heard my questions to counsel about a threat that was conveyed to his mother, who's a police officer. But in that threat, they referenced this individual, her son. Isn't that greater than simply a family association, that the family's at risk because a law enforcement person has crossed the gang? But the fact that the text messages were sent to the mother support or constitute direct and circumstantial evidence showing that the family was not more than simply a tangential motive. It was a means by which to terrorize her. At no point did Petitioner allege that he or his three siblings had been the recipient of threatening text messages or threatening phone calls. This is text messages that were sent to the mother. This Court has previously considered direct and circumstantial evidence to establish what the persecutor's motives were. And we found that it was a factual determination. And we have ample evidence in this record supports the conclusion that Petitioner's family membership was simply a tangential subordinate reason for the threats that were issued. Do you understand the Petitioner's argument here to be that any police officer whose life is threatened by the gang, their family immediately becomes a protected social member? All the members of the family become members of a protected social group? Well, the immigration judge had considered that and kind of expressed doubt as to whether family members of police officers would be viewed differently or distinctly as a member of society than other members of society who had been threatened by gangs. But still, regardless of whether it constituted a protected social group or not, he still had not established that that defined group was at least one central reason for the gang's actions. What evidence is there that he was targeted for any reason other than being the son of this officer who had exposed corruption? Well, I guess with the testimony he had – sorry, regarding Lomowska. He had initially encountered him independent of his relationship with his father. Right, and I agree. If the IJ had said that was just an independent incident that was the real reason, I mean, that seems to me tough to get around. But the IJ says that's not significant. He says, I don't treat that incident as significant. Because he hasn't necessarily – the record doesn't compel that it was related to his family membership. Right, but if that incident's not significant, this independent targeting, what reason other than his relationship with his mother is the reason there's these threats against him? Because he's a means. He's something that she holds dear. The record shows that gangs utilize various means by which to terrorize individuals. Generally, that includes the family members. Right, but she holds him dear because he's her son. But that does not mean that it's to the exclusion of anything else that they could have used. You know, the drive-by shooting of her home, if she had a car that she was prized. Again, the record also reflects that the gangs had employed curfews and threatened businesses. So to the extent that Patricia had been threatened is subordinate to the primary motive in this instance. And the primary motive is to quell her interference in their affairs and that threatened their criminal enterprise. So how can family status ever be a central reason? I mean, if you go back to the root cause, the root motive is always the gang perpetuating its economic enterprise. Would that always be the case? Not necessarily, Your Honors. There is that one case where I think it was the Romanovs where they had animus between family where the cause in fact was on the basis of the family and they had killed a number of the family members. I believe also in sealed petitioner versus sealed respondent, this court had considered that the agency had overlooked the harm that had happened to his father, grandfather, and uncle in that instance to show that it was a pretext, that unlawful prosecution was a pretext for persecution. But here those facts are not in evidence in this case. You know, here Petitioner's uncle, who happens to be Ms. Oseguera's brother, has not alleged that he has been harmed despite his direct relationship to her. Here the threats show that they're against Ms. Oseguera and possibly her husband due to the fact that they are law enforcement officers. They specifically comment, you know, we know that you're a police officer, and we refer to her as trash police officer. They express their motives by stating that anyone who messes with the Chorizos dies with their family or nobody messes with the Chorizos, thereby a direct expression of their intent. What is your position with respect to whether we should hold this case in abeyance or go ahead and decide it or whatever we should do with this case in the light of the fact that the Attorney General has now taken LEA under consideration? Well, the board's decision in this case was issued roughly, I believe, a month and a half prior to LEA. And we've had LEA perform the analysis but did not, you know, affect the outcome of this case. Here this court has held to establish eligibility for asylum withholding and removal. A protected ground must be at least one central reason for the persecution. And it's a factual determination that's reviewed for substantial evidence. And substantial evidence in this record supports the agency's determination that the petitioner has not sustained his burden of proof. In light of that, I request that the court deny the petition. What is the government's current position on whether family status can be a protected social group? I believe that it's a possibility. I'm not certain yet. Again, it also depends on the facts of the case. I do not believe that the agency held that in this instance. It just held that he hasn't made that showing to that connection, the requisite nexus. But here the board didn't reject family group. It just said there's no causation or nexus. Yes. So you don't think if we were to affirm the board's decision, you don't believe that this circuit would have to come forth and state that family constitutes a particular social group? Correct, Your Honors. Akin to Ramirez-Mejia, this court focused solely on the nexus requirement and did not reach the determination of whether family had constituted a particular social group. Are there any circuits? I realize that this is sort of a hot item right now being litigated elsewhere. Are there any circuits that have so held that family membership does not constitute a particular social group? I notice there's a few that have held to the contrary. I'm not certain, Your Honors. Again, I also believe that it would be dependent on the facts of the case, whether they establish social distinction. I do believe that it's a mutual characteristic depending on the boundaries set forth for that family membership and whether it's sufficiently particularized. But again, that social distinction would be a very factual determination depending on the record. If there are no further questions, Your Honors. Thank you. Thank you. Is there a rebuttal? Good morning. May it please the court, my name is Francisco Alvear and I am co-counsel for the petitioner. I'd like to start by addressing the idea that nexus is about focusing on the gang's actions as a means to an end. The government points out evidence that this case is about tactics and furtherance of illegal activities. It discusses that the threat of harm is, quote, simply a means by which gangsters can continue criminal behavior. The problem with this position is that the law doesn't foreclose the question of nexus simply because there exists an overall purpose or goal of an organization. Weighing an overall purpose so heavily was a mistake made by the IJ, a mistake made by the BIA, and a mistake in the government's argument now. Instead, the right question is whether the petitioner, Danny, met the threshold to demonstrate that his family ties were not incidental or tangential. Opening the inquiry to include all evidence shows that the threats aren't just about perpetuating criminal activity but also about his family ties. Substantial evidence supports this assertion. Let's examine the circumstances in this case. If this was only about continuing criminal activity, then the murder of the lead investigator, forcing the family out of the country, and making his mother quit the police force after two decades would have achieved that purpose. If this was only about continuing illegal activity, then the family, and the petitioner in particular, would no longer be under any threat because the goal would have been accomplished. The Chorizos can now continue their crime and corruption without the family affecting their criminal acts. But the animosity directed towards the family goes far beyond simply continuing crime and corruption. As Dr. Bowerman, the expert, explained in testimony, petitioner would not be in this if not for the relationship with his mother, page 183 of the record. He stated that the gang would lie in wait for years to harm them, and the longer he ducked and dodged them, the more antagonized they would get. How did he know that? I mean as a matter of fact, I mean how did an expert know that? From his years of study of the gangs, of the way the gang operates, he made a determination as accepted by and large as the – by the immigration judge that this is how they operate. They will lie in wait for years, and the more that you try to run from them, the more antagonized they would get. And so based on the studies and based on what he sees in the country of Honduras, he posited that if – even if he was out of the country for the year at the time that the final merits hearing occurred, he would still be in danger, in fact maybe even more danger. Why do you need an expert to interpret what happened? I mean why is it your position just that the text messages show he was only being targeted because of his relationship to his mother? There's no reason he would have been picked out otherwise. Practicing immigration law, Your Honor, in front of immigration judges for the last dozen years has showed us that we do in many cases need experts to fill any gaps or questions that the immigration judge may have. Even when there is evidence where they explicitly say that the family is in danger or that we're targeting Danny or we're going to burn your family, immigration judges will like to know what will happen in the future. It's a well-founded fear. But the problem is at this stage of the case, an expert is just an opinion. So if you're on substantial evidence review, it seems hard to say a judge had to accept that opinion given that opinions are just that. They're subject to differing interpretations. That's correct, Your Honor, but the immigration judge did say by and large I accept this opinion. So he's accepted what the immigration judge found. But you can argue what you want. Well, the immigration judge, I think that getting back to the legal standard that I said, the mistake that he had made, he made the conclusion or he found that the Chorizo gang is ultimately a criminal organization that is created for the purpose of generating illicit profits, and that is their primary motivation. It is the central reason for the harm, and anything else I would find would be subordinate to the fact that this group is out for financial profits by illegal means. The problem with that is that it focuses only on the purpose that the organization was created. It ignores the text messages. It ignores the expert opinions. It ignores the fact that the petitioner's mother, his stepfather, was also in danger. After 20 years of being on the force, then all of a sudden these threats have come. So if you look at the totality of the circumstances, then you see that there were motivations beyond the fact that these were just for illegal activities. All right. Thank you, counsel. The case is submitted. Thanks to both sides for helping us out.